# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **MARK E GESSNER Pro Se**<br>467 Wyoming Street<br>Dayton, Ohio 45410 | : | **CASE NO.** |
| | : | **Judge** |
| **Plaintiff** | : | |
| -vs- | : | |
| **OFFICER MICHAEL S SAYLORS**<br>c/o City of Dayton Police Department<br>335 West Third Street<br>Dayton, Ohio 45402 | : | **COMPLAINT FOR MONEY DAMAGES**<br><br>(jury demand endorsed hereon) |
| Individually and in his Official<br>Capacity As an Employee of the<br>City of Dayton | : | |
| and | : | |
| **OFFICER RANDY J. BEANE**<br>c/o City of Dayton Police Department<br>335 West Third Street<br>Dayton, Ohio 45402 | : | |
| Individually and in his Official<br>Capacity As an Employee of the<br>City of Dayton | : | |
| **Defendants** | : | |

Now comes the Plaintiff, Mark E Gessner unrepresented by legal counsel and for his above captioned Complaint states as follows:

## INTRODUCTION

1. This instant action for money damages is based on false arrest made by the Defendants Saylors and Beane and their unprovoked excessive use of force made against the Plaintiff, Mark Gessner while in their custody, and the activity that led up to his arrest.

## JURISDICTION AND VENUE

2. All causes of action arise under the United States Constitution; specifically under the Fourteenth and Fourth Amendment provisions, and Federal Law, granting this Court jurisdiction over all subject matter pursuant to 28 U.S.C. § 1331, and 42 U.S.C. § 1983 as applied to the State of Ohio and its entities, officials, and employees.

3. Venue is proper in the Southern District of Ohio, Western Division, since all actions complained of and giving rise to all causes of action herein took place in Montgomery County, Ohio.

4. Plaintiff seeks compensatory and punitive damages due to the willful, wanton, malicious, intentional, and reckless acts of all named defendants.

## PARTIES

5. The Plaintiff, Mark E Gessner, [hereinafter "Plaintiff" or "Mark Gessner" is a citizen of the United States and a resident of the State of Ohio.

6. Defendant, Police Officer Michael S. Saylors [hereinafter, "Saylors"] is and was at all times pertinent hereto a police officer employed by the City of Dayton Police Department. The actions of Defendant Saylors which are the subject of this Complaint were undertaken in his regular course of his employment for the City of Dayton Police Department. Defendant Saylors is a "person" under 42 U.S.C. § 1983 and at all times acted under color of law is sued both individually and in his official capacity. Upon belief, Defendant Saylors is a resident of the City of Dayton, County of Montgomery.

7. Defendant, Police Officer Randy J. Beane [hereinafter, "Beane"] was at all times pertinent hereto a police officer employed by the City of Dayton Police Department. The actions of Defendant Beane which are the subject of this Complaint were undertaken in his regular course of his employment for the City of Dayton Police Department. Defendant Beane is a "person" under

42 U.S.C. § 1983 and at all times acted under color of law is sued both individually and in his official capacity. Upon belief, Defendant Beane is a resident of the City of Dayton, County of Montgomery.

## FACTS

8. On the night of March 30, 2013 at approximately 10:00 pm Plaintiff, Mark Gessner was approached by Defendants Saylors and Beane where he was sitting and talking with Christopher Miller at his house located at street address 429 Bantz in the City of Dayton.

9. Defendants Saylors and Beane were initially dispatched to the area because of a call to police service that came in from 416 Bantz on reports alleging two men that live at 429 Bantz dressed in a black coat and a red coat were seen carrying away what the caller thought looked to be a furnace coming from an vacant house located at 417 Bantz.

10. Defendants Saylors and Beane knocked on the front door located at 429 Bantz and was immediately greeted and invited inside by Amy Leopard who lived there with her 3 year old daughter A.M.; boyfriend Christopher Miller, and, in addition, Amy's father John Leopard.

11. Mark Gessner was sitting on a couch just inside the front door where he was dropping Christopher Miller off after they had both been working on the Plaintiff's car at his home located at 467 Wyoming Street located in the city of Dayton.

12. Defendants Saylors and Beane did not make any attempt to corroborate any information from Montgomery County dispatch or the caller at 416 Bantz except for the street address and location of where the two suspects lived and allegedly brought the furnace to.

13. Defendant Saylors entered the house located at 429 Bantz and directly approached Mark Gessner where he was sitting and who at the time did not match the clothing description given by the caller.

14. Defendants Saylors and Beane purposefully targeted Mark Gessner for reasons of retaliation in relation to his ongoing civil litigation against five police officers and the past civil litigation Mark Gessner has brought against several Dayton Police Department Officials.

15. Defendants Saylors and Beane ordered Mark Gessner and Christopher both to stand up and place their hands behind their backs where they were cuffed, arrested and removed to jail.

16. Defendant[s] Saylors and Beane purposefully ignored pertinent information given to them by Montgomery County dispatch and the caller at 416 Bantz.

17. Mark Gessner was wearing a brown coat at the time of his arrest and has never lived at 429 Bantz.

18. Defendant Saylors escorted the Plaintiff from the house to the front porch and down a few steps to the front yard area where he was immediately placed into an arm bar in between his cuffed arms and his back area immobilizing his upper body and was violently forced through the front gate and toward the police cruiser.

19. Immediately after Defendant Saylors physically forced the Plaintiff through the front gate he replied to Plaintiff "…you know your rights how much do you know your rights" then immediately and in a violent use of force on the Plaintiff's arms and shoulder area Defendant Saylors forced the Plaintiff down to his knees on the concrete sidewalk.

20. Defendants placed Mark Gessner along with Christopher Miller into their police cruiser and drove them to the Montgomery County jail booking caddy port where the two were booked in on violations of Ohio Revised

Code 2911.13 felony Breaking and Entering and a state misdemeanor charge Ohio Revised Code 2921.31 Obstructing Official Business.

21. Just before entering the County lockup caddy port Defendant Saylors commented to Mark Gessner that his brown coat looks black to him and he knows that Mark Gessner has been arrested and locked up here in jail before.

22. Mark Gessner did not act aggressively or dangerously or otherwise act in a manner to cause Defendant Saylors to believe he posed a danger to him.

23. Plaintiff, Mark Gessner was released from county lockup late afternoon on April 1, 2013 with no charges pending.

24. As a proximate cause of Defendants actions Plaintiff, Mark Gessner is entitled to judgment in the following causes of actions.

**COUNT ONE: Violation of Constitutionally Protected Right To Be Free From Excessive Use of Force Protected by the United States Constitution and Claims for Violation of 42 U.S.C. § 1983 Against Defendants Saylors and Beane**

25. Plaintiff, Mark Gessner repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 24 above with the same force and effect as if fully set forth herein.

26. Defendants Saylors and Beane acted jointly in their response to the call received by dispatch as well as their interaction with Mark Gessner.

27. The combined actions of these two Defendants led to the excessive use of force against Mark Gessner and violated Dayton Police Department policies regarding the use of force.

28. As a further direct and proximate result of unnecessary and excessive use of force by Defendant Saylors, Mark Gessner has suffered permanent damages, including but not limited to grief, and severe emotional distress diagnosed as Posttraumatic Stress Disorder by the Medical Staff at the Dayton Veterans Medical Center. Mark Gessner has incurred medical expenses, and other expenses, and will incur additional expenses in the future.

29. Defendant Saylors excessive use of force sprained Mark Gessner's right knee and caused a severe right shoulder injury requiring long term medical treatment.

30. Mark Gessner is further entitled to compensatory damages and punitive damages pursuant to 42 U.S.C. § 1983 due to the Defendants were at all times acting under the color of state law and whose actions were

willful, wanton, and malicious with the intent to inflict emotional distress; cause physical harm in violation of excessive and unlawful use of unnecessary force against the Plaintiff in accordance with his rights secured under Title 42 US Code § 1983 and the Fourth and Fourteenth Amendment provisions of the United States Constitution to be free from such excessive and unnecessary use of force.

**COUNT TWO: Violation of Constitutionally Protected Right To Be Free From Unreasonable Seizure, and False Arrest Protected by the United States Constitution and Claims for Violation of 42 U.S.C. § 1983 Against Defendants Saylors and Beane**

31. Plaintiff, Mark Gessner repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 30 above with the same force and effect as if fully set forth herein.

32. Defendants Saylors and Beane failed to take steps to assess the information provided by the caller and dispatch was accurate, and failed to corroborate their information before placing Mark Gessner under arrest.

33. Defendants Saylors and Beane did not have any evidence of a crime committed by Mark Gessner after a thorough search inside and outside of the house at 429 Bantz and several neighboring yards.

34. The arrest of Mark Gessner was violation of his right to be free of seizure and jailing without probable cause and was violation of Plaintiff's rights under the Fourth and Fourteenth Amendment to the United States Constitution.

35. Defendants actions shocked the conscience of Mark Gessner as their deliberate indifference to his circumstances and his rights to be a free man of the land secure in his person, papers, and effects against unreasonable seizures and caused him to go to jail where his medical conditions, to include but not limited to diabetes mellitus type 1, were exacerbated and as a result of being locked up in jail for three days became very ill.

36. As a direct and proximate result of Defendants actions Mark Gessner is further entitled to compensatory damages and punitive damages due to the Defendants were at all times acting under the color of state law and whose actions were willful, wanton, and malicious with the intent to unlawfully and falsely seize, arrest and jail the Plaintiff against his rights secured under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment provisions of the United States Constitution.

**WHEREFORE**, Plaintiff, Mark Gessner demands judgment for:

(a) Compensatory damages against Defendants jointly and severally in an amount of money in excess of Seventy-Six Thousand dollars ($76,000.00);

(b) Punitive damages against Defendant[s] jointly and severally in an amount to be determined by jury at trial;

(c) Any other relief the Court deems appropriate.

## JURY DEMAND

Mark Gessner demands a trial by jury on all of the issues herein.

Respectfully submitted,

*/s/ Mark E Gessner*
MARK E GESSNER
Plaintiff, Pro-Se
467 Wyoming Street
Dayton, Ohio 45410
(937) 985-9279
megessner@hotmail.com